**Julio A. ATILES–GABRIEL, Petitioner,**

v.

**Commonwealth of PUERTO RICO; and Edward Garcia–Soto, Warden, Puerto Rico Department of Corrections and Rehabilitation, Respondents.**

**CIVIL NO. 15–2108 (GAG)**

United States District Court, D. Puerto Rico.

Signed 05/31/2017

Andrew S. McCutcheon, Eric A. Vos, Federal Public Defender's Office, Hato Rey, PR, for Plaintiff.

Rafael B. Fernandez Castaner, Department of Justice, San Juan, PR, for Defendant.

## ORDER

GUSTAVO A. GELPI, United States District Judge

This case involves a writ of habeas corpus under 28 U.S.C. § 2254 brought by Petitioner Julio A. Atiles–Gabriel against the Commonwealth of Puerto Rico ("Commonwealth") and Edward Garcia–Soto, the Warden of the Puerto Rico Department of Corrections and Rehabilitation ("Warden"). (Docket No. 2.) Through this section 2254 petition, Atiles–Gabriel seeks collateral review of the constitutionality of his commonwealth conviction.

The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), see 48 U.S.C. §§ 2102–2241, is a bankruptcy-like statute enacted by Congress in June 2016 to help address the financial crisis in Puerto Rico. See generally Peaje Inv. LLC v. García–Padilla, 845 F.3d 505, 509 (1st Cir. 2017) (discussing the statute's purpose). PROMESA includes a temporary, automatic stay provision for debt-related litigation against the government of Puerto Rico. See 48 U.S.C. § 2194(a)-(b). The Commonwealth and the Warden now seek to avail themselves of PROMESA's temporary stay provision for debt-related litigation.

The PROMESA stay does not apply to this case. Atiles–Gabriel's habeas petition is not debt-related litigation under PROMESA. The petition seeks collateral review of the constitutionality of a state conviction. The relief requested is not

damages; rather, Petitioner seeks equitable relief to enforce a federally protected right. PROMESA expressly contemplates that the temporary stay will not apply to suits to enforce federal rights. See § 2106 ("nothing in this chapter shall be construed as ... relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws ....").

The Court is simply flabbergasted that counsel seems to assert the proposition—albeit without directly stating it—that PROMESA operates as a suspension of the writ of habeas corpus. See U.S. CONST. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). PROMESA does not stay the writ. Counsel should be more careful in their motion practice, and refrain from filing the same boilerplate "Notice of Stay" without first carefully considering whether the matter actually falls within the scope of the PROMESA stay.

The motion for stay at Docket No. 34 is **DENIED**.

**SO ORDERED.**